Barnet's Estate

636

637

*Bell, Trinkle, Truscott & Bell,* for exceptant.
*Saul, Ewing, Remick & Saul,* contra.

SINKLER, J., March 29, 1935.—The 30 exceptions filed by the widow of the decedent relate to the dismissal of her claim for 4 years' salary during the years 1918-21, aggregating $31,000, as manager of the decedent's business. The argument, both oral and written, presented in her behalf is lengthy and forcible, but has not convinced us that the auditing judge has erred in his conclusions.

The claim was dismissed by him because it is based upon alleged loose admissions of decedent, and not upon proven facts; because the testimony of two witnesses called in support of the claim is "of extremely little assistance", while the testimony of the two remaining was not convincing and to be accepted with extreme reluctance.

The claim is based upon an alleged contract whereby decedent agreed to pay claimant a specified amount as salary for each of the years in question. The witness Davies gave no testimony whatsoever in relation to the contract, but was apparently questioned in an effort to prove the extent and value of claimant's services. Evidence of this nature is of no value; for a claimant must elect whether to proceed upon a contract or upon a quantum meruit. If unsuccessful in the former he may not fall back upon the latter. The witness Martin related a conversation wherein decedent stated the amount which "would partially pay Mrs. Barnet for her interest with him in the business"; but he is silent as to a contract between decedent and claimant. The two remaining witnesses, Hyman Barnet and Moses B. Hartzka, the first a first cousin of decedent and a debtor of his estate, the second a brother of claimant, the auditing judge does not consider dependable. Careful reading of the record does not bring us to a different conclusion as to the reliability of these two witnesses. The judge before whom a witness appears, through his observation of the witness' demeanor and manner of testifying, is better qualified to pass upon his credi-

638

bility than can one who reads the notes of testimony. We are free from any doubt as to the correctness of the conclusions reached by the auditing judge concerning the character of the testimony given by the witnesses last named.

The cases cited by claimant upon the subject of statutes of limitation, estoppels and presumptions have been followed by the auditing judge and need not be further discussed. The remaining cases cited have to do with the sufficiency of evidence required in such cases as the present, rather than the reliability or credibility of the witnesses.

The exceptions are dismissed and the adjudication is confirmed absolutely.